IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY,<br>    Plaintiff, | :<br>:<br>: |
| v. | :  CIVIL ACTION NO. 24-CV-0504<br>: |
| BRIAN YOUNG,<br>    Defendant. | :<br>:<br>: |

<u>MEMORANDUM</u>

**PEREZ, J.**                                                                                                  **March 19, 2024**

James Mosley, a citizen of Pennsylvania and frequent litigator in this Court,[1] has filed a Complaint *pro se* against Brian Young invoking the Courts diversity jurisdiction under 28 U.S.C. § 1332.  Mosley also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**[2]

Briefly stated, Mosley alleges that Brian Young, a citizen of Oregon, breached a settlement agreement.  (Compl. at 3, 5.)  It appears that Mosley was a class member in a class

---

[1] In addition to this case, Mosley has filed at least ten other *pro se* civil actions in this Court since 2022.  *See Mosley v. Huggins*, No. 22-5212; *Mosley v. Bank of Am.*, No. 23-30; *Mosley v. Jensen Bagnato, P.C.*, No. 23-562; *Mosley v. Ten Penn Center*, No. 23-813; *Mosley v. City of Philadelphia*, No. 22-1665; *Mosley v. City of Philadelphia*, No. 23-2248; *Mosley v. Bagnato*, No. 23-2996; *Mosley v. Starbucks Corp.*, No. 23-4000; *Mosley v. Bartle*, No. 23-4169; *Mosley v. Cipriani & Werner, PC*, No. 24-510.  All but one of those cases that has already been resolved, No. 22-5212, were dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[2] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint (ECF No. 2) and attached exhibits.  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

action lawsuit where Young served as the settlement administrator, and Young allegedly improperly acted with regard to a sending notice of the settlement under the agreement, for which Mosley received but could not cash a settlement check in the amount of $8.52.[3] (*Id*. at 5.) Mosley "seeks redress in the amount of $25 million due to breach of settlement agreement" plus the $8.52 check amount that "has been forfeited wrongfully." (*Id*.)

## II.    STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the

---

[3] This is not the first time Mosely has brought a lawsuit naming Young as a defendant. In *Mosely v. Bank of America*, No. 23-30 (E.D. Pa.), Mosley sued Bank of American and one of its employees as well as Young contending that the $8.52 check was refused when he attempted to cash it because he objected to a notation on the check stating that, by cashing it, Mosely released Bank of America from liability in the class action. (*See id.*, Compl. (ECF No. 2) at 3.) In a Memorandum and Order filed in that case on May 5, 2023, the Court dismissed claims brought pursuant to 42 U.S.C. § 1983 with prejudice, dismissed claims brought pursuant to 42 U.S.C. § 1981 without prejudice, and dismissed Mosley's state law claims without prejudice for lack of subject matter jurisdiction. (*Id*. (ECF Nos. 5, 6).) Mosley was granted leave to amend his claims, which he did by filing an Amended Complaint on June 2, 2023. (*Id*. (ECF No. 7).) In a Memorandum and Order filed on August 7, 2023, the Court dismissed the federal claims presented in the Amended Complaint with prejudice and dismissed the state law claims without prejudice for lack of subject matter jurisdiction. (*Id*. (ECF Nos. 9, 10).) Mosely filed notices of appeal of the dismissal. (*Id*. (ECF Nos. 11, 12).) The appeal remains pending. Because the state law claims in the prior case were dismissed without prejudice and because the Court must guard against improper invocation of its jurisdiction, the Court will screen Mosley's new Complaint.

burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).  As Mosley is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Mosley asserts a breach of contract claim against Young concerning the $8.57 settlement check and seeks millions in punitive damages.  He seeks to invoke diversity jurisdiction asserting that he is a citizen of Pennsylvania and that Young is a citizen of Oregon.  28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'"  *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (*per curiam*) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

"As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").  "The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted).  Punitive damages, where available, "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (*per curiam*) (citations omitted).

Under Pennsylvania law, "punitive damages cannot be recovered merely for breach of contract." *Baker v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 536 A.2d 1357, 1361 (Pa. Super. Ct. 1988); *see also Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (same).  Rather, the measure of damages for breach of contract is calculated by "three distinct, yet equally important, theories of damages to remedy a breach of contract: 'expectation' damages, 'reliance' damages, and 'restitution' damages." *ATACS Corp. v. Trans World Commc'n, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998) (citing *Trosky v. Civil Serv. Comm'n*, 652 A.2d 813, 817 (Pa. 1995)).  Expectation damages are the preferred approach because they place the injured party in the position that would have resulted from receiving the benefit of the bargain. *Id.*  The standard measurement for such damages is recovery of "the losses caused and gains prevented by defendant's breach, to the extent that are in excess of any savings made possible by nonperformance." *Id.* (citing *Am. Air Filter Co. v. McNichol*, 527 F.2d 1297, 1299 (3d Cir.

4

1975)).  Reliance damages may be pursued where the ability to recover expectation damages "is clouded because of the uncertainty in measuring the loss in value to the aggrieved contracting party."  *Id.* (citing Restatement (Second) of Contracts § 349 cmt. a (1981)).  Under this approach the law seeks to protect the injured party's reliance interest by placing it in the position it would have occupied had the contract never been made, which usually encompasses the recovery of actual expenditures incurred in performance or in anticipation thereof.  *Id.* (citing *DePaolo v. DeRomo*, 31 A.2d 158, 161 (Pa. 1943)).  Damages under a theory of restitution also can provide an appropriate measure of relief where the injured party's ability to recover is clouded or otherwise not feasible.  The objective of this approach "is not the enforcement of contracts through the protection of an injured party's expectation or reliance interests, but is instead rooted in common notions of equity through the protection of the injured's restitution interest."  *Id.* (citing *Fidelity Fund, Inc. v. Di Santo*, 500 A.2d 431, 438 (Pa. Super. Ct. 1985)).  Under this theory the breaching party must disgorge the benefits received to the party who conferred them.  *Id.* (citing *Trosky*, 652 A.2d at 817).  The propriety of such a recovery generally is governed by the traditional principles of equity, such as those utilized under unjust enrichment or forfeiture.  *Id.* (citing *Di Santo*, 500 A.2d at 438-39).

      Under any of these theories of contract damages, Mosely would be entitled only to the value of the settlement he claims that Young's breach prevented him from enjoying.  Because punitive damages are not available on a breach of contract claim, as a legal certainty the amount in controversy in this case is $8.52.  Thus, the Court may not exercise diversity jurisdiction over

the dispute regardless of the state citizenship of the parties. An appropriate order will be entered separately dismissing this case for lack of subject matter jurisdiction.

                                                        **BY THE COURT:**

                                                        **MIA R. PEREZ, J.**